943 F.2d 49
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Henry GASKINS, Petitioner-Appellant,
v.
Parker D. EVATT, Commissioner, South Carolina Department of
Corrections, T. Travis Medlock, Attorney General,
Respondents-Appellees.
 No. 91-4009.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 5, 1991.
Decided Sept. 5, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-91-2628-3-H)
 John H. Blume, III, Franklin W. Draper, IV, R. Mickell Branham, S.C. Death Penalty Resource Center, Columbia, S.C., for appellant.
 Donald J. Zelenka, Chief Deputy Attorney General, Office of the Attorney General of South Carolina, Columbia, S.C., for appellees.
 D.S.C.
 RELIEF DENIED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 With but a few hours remaining until the scheduled execution of petitioner Donald Henry Gaskins, he has filed a voluminous petition for a writ of habeas corpus in which he attacks his conviction and sentence for capital murder rendered after a jury trial in the Richland County Court of General Sessions sitting in Columbia, South Carolina. Petitioner also seeks an evidentiary hearing on his petition for the great writ and a stay of his execution, which is set for 1:00 a.m. September 6, 1991.
 
 
 2
 Gaskins was convicted of murdering one Rudolph Tyner, who, at the time of his death, was an inmate of the South Carolina Central Correctional Institution in Columbia, South Carolina. Tyner had previously been convicted of the capital murders of Mr. and Mrs. Warren Moon and sentenced to be executed. Gaskins was a fellow inmate of Tyner and was convicted of murdering Tyner for hire. At the time he murdered Tyner, Gaskins was serving nine life sentences for previous murders he had committed.
 
 
 3
 The South Carolina Supreme Court affirmed the conviction and sentence on direct appeal. See State v. Gaskins, 326 S.E.2d 132 (1985), cert. denied, 471 U.S. 1120 (1985). Post-conviction relief was unsuccessful. See Gaskins v. State, No. 85-CP-40-3466, Letter Order (S.C. Jan. 7, 1987), cert. denied, 482 U.S. 909 (1987). His most recent petition for a writ of habeas corpus was denied by the South Carolina Supreme Court in the late afternoon of September 4, 1991.
 
 
 4
 Gaskins has previously sought habeas corpus relief in our court but his petition was denied. See Gaskins v. McKellar, 916 F.2d 941 (1990), cert. denied, 111 S.Ct. 2277 (1991).
 
 
 5
 The district court has denied his latest petition in an exhaustive opinion which has thoroughly discussed the three issues he has raised.
 
 
 6
 At 6:00 p.m. he seeks a stay of execution pending full briefing and consideration of his appeal.
 
 
 7
 In his new petition, Gaskins presents three grounds: (1) that the trial judge refused to admit into evidence, during the sentencing phase of his trial, the confession of Tyner to the murders of Mr. and Mrs. Moon and thereby denied him the right under Payne v. Tennessee, --- U.S. ----, 111 S.Ct. 1597 (1991) to present evidence about the character of his murder victim; (2) that evidence was admitted during the sentencing phase of his trial as to his racist views and affiliations as aggravating evidence to justify the imposition of the death penalty; and (3) that his sentence was based upon invalid prior convictions of murder.
 
 
 8
 There is no merit to these claims. While we feel that petitioner reads Payne too broadly, even so, the evidence as to Tyner's character was fully presented to the sentencing jury, and a copy of Tyner's confession would have added nothing about his character of which the jury was not already aware. The jury had been made repeatedly aware that Tyner had murdered Mr. and Mrs. Moon in cold blood to prevent them from being witnesses to his armed robbery of them and their convenience store. Gaskins' jury was also aware that Tyner was awaiting execution for his crimes.
 
 
 9
 The second ground, that it was error to admit evidence as to his racist views and affiliations, is now barred. This claim was presented in his first petition to the United States District Court filed August 11, 1987. The claim was denied by the district court, and the claim was abandoned by petitioner when he failed to appeal this issue to the U.S. Court of Appeals. The claim is also barred because it is successive, having been raised in his original petition of August 1987. See Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts.
 
 
 10
 In his third ground petitioner seeks at this late hour to attack the validity of his prior murder convictions. This is clearly an abuse of the writ. Petitioner and his attorneys have known since his trial that his prior murder convictions, together with his murder of Tyner for hire, were used as aggravating circumstances under Section 16-320(C(a) Code of Laws of South Carolina, 1976 to support the jury's recommendation of a death sentence. Petitioner has made no showing that he did not have knowledge of the circumstances applicable to his prior murder convictions prior to his most recent petition, nor has he shown why this claim was not asserted at an earlier time. The issue of Gaskins' prior murder convictions was also covered in our prior decision, and the present claims add nothing new.
 
 
 11
 The petition to stay execution does not present substantial grounds upon which relief might be granted. The issues have been previously considered and decided. The present petition for the writ is lacking in merit as we have explained above, therefore the motion to stay execution is denied. The mandate shall issue forthwith.
 
 
 12
 RELIEF DENIED.